IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES ARTHUR BIGGINS, )
)
       Plaintiff, )
)
    v. ) Civ. Action No. 09-245-GMS
)
JACK MARKELL, et al., )
)
       Defendants. )

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). (D.I. 2.)  He also raises supplemental state claims.  Biggins appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.)  The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

The complaint contains five counts.  Counts One, Two, and Three raise conditions of confinement claims against "the defendants" pursuant to 42 U.S.C. § 1983.  Count One alleges that since 2007, Biggins has filed repeated institutional grievances for failure to clean the housing unit's air circulation ventilation systems and ceilings, that his grievance for cleaning was approved, but later denied at the final stage.  Exhibits attached to the complaint state that this complaint "shows up in every inspection and work orders have been submitted." (D.I. 2, ex. A-2.)  The grievance was denied on August 21, 2008, after it was determined that the ceilings could not be cleaned due to their coating of fire retardant material. (*Id.* at ex. A-4)  Cleaning of the

vents was given a low priority due to "more pressing maintenance issues." (*Id.*) Biggins alleges that the lack of fresh air has caused him shortness of breath, occasional dizziness, and nauseousness.

Count Two alleges that the VCC uses food utensils, tray, and cups not made of non-corrosive materials, and this causes Biggins to digest bacteria from corroded, dented, and hard to clean feeding products. In Footnote 3 to Count Two, Biggins alleges that the defendants Janet Laban ("Laban"), the Delaware Chapter of the American Civil Liberties Union ("ACLU"), and the Community Legal Aid Society, Inc. ("Legal Aid") are liable for breach of contract "by consenting to be continual monitors for the inmates regarding unsafe food services division practices." (D.I. 2 at n.3.)

Count Three alleges that unsanitary and polluted drinking water at VCC causes Biggins to occasionally suffer from stomach cramps and diarrhea. Biggins submitted a grievance on the issue, was advised to write to Staff Lt. Hawkins and the defendant Major Scarborough ("Scarborough"), and told that "staff are not told not to drink the water." (D.I. 2, ex. C-2.)

Counts Four and Five raise medical needs claims pursuant to 42 U.S.C. § 1983. Biggins has sickle-cell anemia. Count Four is raised against the defendants David Meeker ("Meeker"), Dr. Louise Desrosiers ("Dr. Desrosiers"), Ronnie Moore ("Moore"), and Sheila Reineck ("Reineck") and alleges that these defendants will not prescribe Biggins medication to help him sustain an adequate red blood cell count. Biggins submitted a grievance complaining that on March 4, 2008, he was seen by Dr. Desrosiers, but did not receive a prescription for multi-vitamins for sickle cell. (*Id.* at ex. D-1.) Investigation of the grievance indicates that, according to progress notes, the multi-vitamins were not ordered because Biggins was to purchase them

from the commissary.  Biggins, however, requested a prescription so that he would not have to purchase them.  (*Id.*)  Biggins alleges that the failure to provide proper medical treatment causes him frequent weakness, an inability to function for days at a time, loss of appetite, high fevers, and vomiting.

Biggins also suffers from acid reflux and bleeding ulcers.  Count Five alleges that he requires a special needs diet because of the medical conditions and that on December 19, 2008, food services dietitian Danny Mumford ("Mumford")[1] evaluated Biggins and developed a special diet menu for him.  Biggins alleges that the diet menu was inconsistent with his medical needs and, as a result, on March 18, 2009, Dr. Desrosiers removed Biggins from the diet with a plan for Mumford to reevaluate Biggins.  Biggins alleges that despite a written request, Mumford has refused to reevaluate him and place him on a proper medical diet.

## II.  STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6)

---

[1]Mumford is not a named defendant.

motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not published); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Biggins is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 550 U.S. at 556 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 550 U.S. at 556 n.3). "This 'does not impose a probability requirement at the pleading

-4-

stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Biggins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

## III. DISCUSSION

### A. Supervisory Positions/Personal Involvement

Counts One, Two, and Three raise conditions of confinement claims against all the defendants. It appears that Biggins seeks to hold the defendants liable on the basis of their supervisory positions since, short of naming the defendants, the complaint makes no allegations suggesting their personal involvement in the alleged wrongs. As is well known, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). There is nothing in the complaint to indicate that the defendants were the "driving force [behind]" the foregoing list of alleged violations. Moreover, the complaint does not indicate that the defendants were aware of Biggins' allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. For this reason, Counts One and Three of the complaint will be dismissed. However, since it appears plausible that as to Counts One and

-5-

Three, Biggins might be able to articulate a claim against some or all of the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading.[2] *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### B. Utensils

As discussed, Count Two raises a conditions of confinement claim. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Biggins alleges that the use of food utensils, tray, and cups that are not made of non-corrosive materials caused him to digest bacteria from corroded, dented and hard to clean feeding products. The claim is frivolous. Additionally, Biggins does not allege that he suffered any physical injury as a result of the use of the corroded feeding products. He merely alleges that the products caused him to "digest bacteria."

---

[2]The claims in Count Two will be addressed in Section III.B. of this Memorandum.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The complaint fails to allege any actual injury as a result of the conditions complained of in Count Two and, hence, Biggins has failed to meet the injury requirement of the PLRA. Therefore, the Court will dismiss Count Two as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(e).

## C. Medical Needs

Counts Four and Five raise medical needs claim. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done

by way of diagnosis and treatment and maintains that options available to medical personnel
were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Moreover,
allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White
v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v.
Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional
deprivation).  Finally, "mere disagreement as to the proper medical treatment" is insufficient to
state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations
omitted).

Count Four alleges that Meeker, Dr. Desrosiers, Moore, and Reineck will not prescribe
medication to enable Biggins to sustain an adequate red blood cell count.  Even when reading the
complaint in the most favorable light to Biggins, he fails to state an actionable constitutional
claim.  This is particularly true in light of the exhibits attached in support of his claim that
indicate the medication at issue is a multi-vitamin, that Biggins was told to purchase the multi-
vitamin from the commissary, but that he wanted a prescription so that he did not have to
purchase the multi-vitamins.  (D.I. 2, ex. D-2.)  Biggins' claim is frivolous.  Therefore, the court
will dismiss Count Four pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Count Five alleges that Meeker, a non-defendant, refuses to reevaluate Biggins to develop
a new dietary plan, the request of Dr. Desrosiers.  To the extent Biggins attempts to raise a claim
against Dr. Desrosiers, he fails.  The allegations indicate that Dr. Desrosiers provided medical
care and treatment to Biggins.  Therefore, the court will dismiss Count Five pursuant to 28
U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

-8-

Count Five also contains allegations directed against a non-defendant Meeker. Since it appears plausible that Biggins might be able to articulate a claim against Meeker, he will be given an opportunity to amend his pleading.

**D. Breach of Contract**

Biggins alleges that Laban, the ACLU, and Legal Aid are liable for breach of contract "by consenting to be continual monitors for the inmates regarding unsafe food services division practices." To state a claim for breach of contract Biggins must establish three elements. He must prove that a contract existed; he must establish that the defendant breached an obligation imposed by the contract; and he must show that the breach resulted in damage to him. *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**E. Americans with Disabilities Act**

The first paragraph of the complaint states that it is a civil action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"). The ADA prohibits the exclusion of otherwise qualified participants from any program or benefits on account of their disability. 42 U.S.C. § 12132. Title II, 42 U.S.C. § 12132 provides in relevant part that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services or activities of a public entity or be subjected to discrimination by such entity. The complaint does not contain allegations that rise to the level of violations of Title II of the ADA. Indeed, it is only mentioned in passing in the first paragraph of the complaint. The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. INJUNCTIVE RELIEF

Biggins' recent June 12, 2009 letter states that the prison law library is not providing him with adequate assistance in his pursuit of postconviction relief. He claims that the action or non-action is in retaliation for seeking redress from the courts and seeks injunctive relief for the state parties' alleged unconstitutional actions for denying him access to the courts. (D.I. 8.) Biggins' new claims have no relation to the present lawsuit. Moreover, in viewing the exhibits attached to his letter, they do not support his claim of retaliation. Nor is there any indication that Biggins has suffered an "actual injury" as is required to establish a violation of the First Amendment right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U .S. 403, 415 (2002). Accordingly, his request for injunctive relief will be denied.

## V. CONCLUSION

For the above reasons, the court will dismiss the complaint. Counts One and Three are dismissed for failure to state a claim upon which relief may be granted. Counts Two and Four, all claims against Dr. Desrosiers in Count Five, any ADA claims, and all claims against Laban, the ACLU, and the Legal Aid will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). As discussed above, Biggins will be given leave to amend **only as to** Counts One, Three, and Five. The amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed. Biggins' request for injunctive relief will be denied.

An appropriate order will be entered.

_____ 25 ___, 2009
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

-10-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES ARTHUR BIGGINS,                    )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 ) Civ. Action No. 09-245-GMS
                                         )
JACK MARKELL, et al.,                    )
                                         )
            Defendants.                  )

**ORDER**

At Wilmington this 2⁵ᵗʰ day of September, 2009, for the reasons set forth in the

Memorandum issued this date

    1. The complaint s dismissed.  Counts One, Three, and Five are **dismissed without**

**prejudice**.  Counts Two and Four, all claims against Dr. Desrosiers in Count Five, any ADA

claims, and all claims against Janet Laban, the Delaware Chapter of the American Civil Liberties

Union, and the Community Legal Aid Society, Inc. are **dismissed with prejudice** as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

    2. The plaintiff is given leave to amend Counts One, Three, and Five.  The amended

complaint shall be filed within **thirty (30) days** from the date of this order.  If an amended

complaint is not filed within the time allowed, then the case will be closed.

    3. The plaintiff's request for injunctive relief is **denied**.  (D.I. 8.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE