IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES ARTHUR BIGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-245-GMS |
| | ) |
| JACK MARKELL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, James Arthur Biggins ("Biggins"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on April 13, 2009. (D.I. 2.) The court screened the case pursuant to 28 U.S.C. § 1915, dismissed certain claims and defendants and gave Biggins leave to amend counts One, Three, and Five of the complaint. (D.I. 12.) Biggins was given numerous extensions in which to file an amended complaint, with a final deadline of December 15, 2010. (D.I. 30.) Biggins did not file the complaint prior to the deadline and, on January 3, 2011, the court closed the case. On the same day, the Clerk's Office received the amended complaint. (D.I. 32.) Accordingly, the court will reopen the case. The court finds it more than curious that the complaint is signed and dated December 15, 2010 - the deadline - yet is postmarked December 31, 2010. The court does not countenance the manipulation of court deadlines and, in the future, will not be so willing excuse such flagrant disregard of court deadlines. The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Biggins was allowed to amend Counts One, Three and Five of the complaint. Counts Two and Four, all claims against Dr. Desrosiers in County Five, any ADA claims, and all claims against the defendants Laban, the ACLU and the Legal Aid were dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amended Count One alleges that there is a lack of a preventive maintenance program for the prison's physical plant and, as a result, this has led to "air-borne diseases" from the failure to maintain safe and sanitary conditions causing harm to Biggins.[1] Amended Count One is raised against numerous individuals and alleges that: (1) certain defendants, charged with direct supervision and management of the persons designated assigned and administrative authority, are guilty of implementing policies, practices or customs to protect Biggins' health and safety; (2) further violations are subject to certain defendants, through knowledge and acquiescence of known violations in their individual and official overseeing and administrative positions, by failing to stop or fix the problems complained of by Biggins; and (3) certain defendants, "as gatekeepers", for the protection and safety of health of prisoners, are guilty of breach of fiduciary duty. Biggins alleges that the lack of fresh air has caused him shortness of breath, occasional dizziness, and nauseousness. (D.I. 32.)

Amended Count Three alleges that the prison water plant that provides inmates with drinking water that is contaminated with known bacteria that has a pungent smell and causes reported bouts of diarrhea, stomach cramping, and nauseousness. Biggins has filed numerous

---

[1] Exhibit A4 attached to the amended complaint is a grievance response that states the ceilings could not be cleaned due to their coating of fire retardant material. Cleaning of the vents was given a low priority due to "more pressing maintenance issues." (D.I. 32, ex. A-4.)

grievance, but they have been denied. In response to one grievance, Biggins was advised to write to Staff Lt. Hawkins and Major Scarborough. The grievance response states, "staff are not told not to drink the water." Biggins names as defendants all the defendants named in Amended Count One. (D.I. 32, ex. B2.)

Amended Count Five alleges that Biggins requires a special needs diet because of his medical conditions and, that for a number of reasons, the special diet was delayed, suspended or changed, all of which caused Biggins to lose weight. Biggins seeks declaratory and injunctive relief and compensatory and punitive damages.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Biggins proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Biggins leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Biggins has a

"plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Biggins's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*,129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Amended Counts One and Three

Amended Count One (i.e., ventilation) seeks to hold the named defendants liable on the basis of their supervisory positions. Biggins has named at least seventy-nine defendants in Amended Count One, including prison officials, Delaware's governor, its senators and representatives, as well as other elected and non-elected officials. Amended Count Three (i.e., water) charges that the same defendants are deliberately indifferent to Biggins' health and safety. In both counts, Biggins also takes exception to the grievance system and the denial of grievances he submitted.[3]

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

[3] Biggins cannot prevail on his grievance claims. To the extent that Biggins bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a constitutionally protected right to a grievance procedure. *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (not published) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

As is well established, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, – U.S.–, 129 S.Ct. 1937, 1948 (2009). In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit - here masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 129 S.Ct. at 1949. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (11th Cir. 2010) (quoting *Iqbal* 129 S.Ct. at 1949.) The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *Id.*

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate

them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, – F.3d –, No. 10-1294, 2010 WL 5071779, at *4 n.5 (3d Cir. Dec. 14, 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (second alteration in original)). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at *5.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *Santiago*, 2010 WL 6082779 at *5 n.8; *see, e.g., Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official.). Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[4] *Williams v. Lackawanna County Prison*, Civ. No. 07-1137, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

---

[4] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also Iqbal*, 129 S.Ct. at 1949-54; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. April 11, 2005) (not published).

Biggins names at least seventy-nine defendants in Amended Counts One and Three. However, the counts do not contain allegations of specific facts, much less facts of personal involvement by each of the named defendants. For example, the counts do not set forth the specific acts of any defendant, or when or where any such acts may have taken place. Instead, Amended Counts One and Three consist of legal conclusions without supporting facts and fail to meet the pleading requirements of *Iqbal*. In addition, Amended Counts One and Three do not adequately allege that the defendants named therein directed the deprivation of Biggins' constitutional rights or that any one of them were the moving force behind the alleged constitutional deprivations. Finally, even under a liberal construction, Amended Counts One and Three fail to provide insufficient detail to support an entitlement to a claim for relief.

For the above reasons, the court will dismiss Amended Counts One and Three as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Biggins is a frequent filer and has much litigation experience. The court provided Biggins an opportunity to correct the

pleading deficiencies in Counts One and Three, to no avail. The court finds Amended Counts One and Three frivolous, and further finds futility of amendment of those counts. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment.").

### B. Medical Needs

Amended Count Five raises a medical needs claim. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover,

allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Biggins suffers from medical conditions that require a special diet. On December 19, 2008, Biggins was changed from a heart healthy diet to an allergy/allergic diet. Biggins was scheduled for evaluation by Danny Mumford, but it did not take place for three months. Biggins remained on the heart healthy diet until March 18, 2009. He complains that prior to the diet change he was not given fruits due to his medical condition and after the diet change the food was tasteless and cold. Biggins was transferred to another building in November 2009 and for a time did not receive his medical diet. It was again changed on May 15, 2010 to a high calorie/ high protein diet apparently due to Biggins' weight loss. The diet was scheduled to last for one hundred days and ended on September 21, 2010. Biggins complains that no matter what the diet, the food generally deprives him of nutritious foods on a daily basis. Biggins also complains of the grievance process throughout Amended Count Five.

It is evident in reading the complaint and the attached grievances that Biggins disagrees with the various special diets provided him, does not like the food, and in general believes the food does not fulfill his dietary needs. While there have been some delays in providing special diets, when switching from one diet to another, or when Biggins was transferred to a different unit, the diets were provided and he was not without food. Indeed, the allegations do not indicate

that any of the named defendants were deliberately indifferent to Biggins' needs. Finally, while Biggins take exception to the grievance procedure, particularly because due to the confusion of whether the meal grievances were considered medical grievances or general grievances, as previously noted, said allegations do not set forth a constitutional claim. *See* note 3, *supra*.

Based upon the foregoing, the court will dismiss Amended Count Five as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the court will dismiss the amended complaint. Amendment of the complaint is futile.

An appropriate order will be entered.

CHIEF UNITED STATES DISTRICT JUDGE

Feb 9, 2011
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES ARTHUR BIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 09-245-GMS |
| | ) | |
| JACK MARKELL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

At Wilmington this 9th day of Feb, 2011, for the reasons set forth in the Memorandum issued this date, it is hereby ordered that:

1. The case is **reopened**.

2. The amended complaint is **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment would be futile.

3. The clerk of court is directed to **close** the case.

_____
CHIEF, UNITED STATES DISTRICT JUDGE